[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS MOTION FOR ALIMONY PENDENTE LITE AND MOTION RE: MEDICAL INSURANCE
The defendant-wife has moved for alimony pendente lite (101.02) and for medical insurance pendente lite (101.04).
Having heard the evidence and testimony, and having considered the criteria set forth in Sections 46b-81 and 46b-82, Conn. General Statutes, the court makes the following findings and orders.
The parties have been married for 34 years. The plaintiff removed himself from the marital residence approximately five months ago and is currently living with a "classmate" in her residence.
For several months since leaving, he paid to the defendant $431.00 per week. That payment was in the form of a Workers' Compensation check payable to the plaintiff and endorsed over to the defendant. She used that money to meet the costs of maintaining the marital residence and for her weekly expenses.
The defendant was formerly an executive secretary in New Jersey when the couple married in 1963. After they relocated to Connecticut, she worked as a receptionist for several years earning about $7.00 per hour, She last worked "7 or 8 years ago". Her current income is earned as a self-employed photographer doing weddings. She testified that she charges $695.00 for a "full" wedding and "about $200.00" for a "partial" wedding. She testified that her gross income, year to date, has been approximately $3675.00 minus expenses" such as film processing, albums, etc. Her financial affidavit states that her average net weekly income from employment is $38.96
The defendant manages a monthly Social Security benefit in the amount of $899.00 which is payable to her elderly mother who resides in the marital residence.
The plaintiff is currently employed as a sales marketing manager for Northwest Environmental Water Labs — where he has been employed for "1 or 2 years." He reports on his financial affidavit a net weekly income of $160.00 from that employment. He also receives meal reimbursement and gas mileage for when he attends trade shows for his employer.
As previously noted, he also receives a Workers' Compensation check for an injury he sustained to his left knee. CT Page 10043
He stopped endorsing that check over to the defendant in July, 1997 and has given her approximately $500.00.
The court finds the plaintiff's net weekly income to be no less than $505.00.
Prior to his knee injury, the defendant was employed at CC Hydraulics, Inc. where he was a general manager with an earning capacity of approximately $35,000.00 per year.
Since his injury he has a "total knee reconstruction" and, according to his doctor, has a 20% permanent partial disability rating and has reached maximum recovery. He has been cleared to resume employment and to attempt sports such as golf and bowling. Heavy lifting and ladders are to be avoided. (Defendant's Ex. 1).
The plaintiff testified that he regularly drives his "classmate's" 1997 Lincoln to New Jersey for visits with his brother.
The court enters the following orders. The plaintiff is to pay to the defendant the sum of $275.00 per week as alimony pendente lite. The defendant is to use that sum for maintenance of the marital residence and for personal expenses. The defendant is directed to seek gainful employment and she is to provide the plaintiff's counsel with a monthly list of her efforts. Failure to make a bona fide effort to supplement her income may result in reconsideration of the orders of the court.
The plaintiff is also ordered to provide medical insurance for the defendant and is to provide the defendant's counsel of proof of such insurance within 30 days of this order. The defendant shall cooperate with any pre-requisites for such insurance including physical examination, releases, authorizations, etc.
The plaintiff is also ordered to disclose to the court and to counsel for the defendant any offer of settlement for his compensation claim.
By The Court,
Joseph W. Doherty, Judge CT Page 10044